## OVERSEERS OF BETHLEHEM *vs.* OVERSEERS OF FRANKLIN.

A *certiorari* may be issued to bring up an order of two justices in a pauper case after the expiration of eighteen months.

---

This was a *certiorari* directed to two justices of the peace of the county of Hunterdon, bringing up an order of removal made by them in a pauper case, and was issued more than eighteen months after the order was made.

The case was argued before Justices ELMER and HAINES.

*Richey*, for the plaintiffs, moved to quash the order, the justices not being shown to have jurisdiction.

*Allen,* for defendants, admitted the illegality of the order and waived any objection to the *certiorari* for being out of time.

*Wurts,* on behalf of Kingwood, to which township the plaintiffs and defendants allege the pauper belongs, and to which they have agreed to join in having him removed, insisted that the writ was issued too late, and that the remedy was by appeal, and not by means of this writ.

The opinion of the court was delivered by

ELMER, J. The English rule is, that a *certiorari* to two justices in a pauper case will not be allowed until after the time for appealing has elapsed, as it had in this case. 1 *Salk.* 147. Our statute prohibits the writ from being allowed or issued on any judgment, order, or proceeding that shall have been entered or obtained in any court of record, unless the same be issued in eighteen months after entering or obtaining the same. *Nix. Dig.* 633, § 106. Had this case come within that statute, I should have been in favor of dismissing the writ, notwithstanding the defendant waived the objection ; but the two justices did not constitute a court of record, and therefore no time is prescribed within which the writ shall issue in such a case. This writ not being of right, but subject to the discretion of the court, we ought in all cases to require that it be issued in a reasonable time. In this case the delay has been satisfactorily accounted for, and it appearing that the order does not set forth that it was made upon the application of an overseer, it comes directly within the case of *Overseers of Princeton* v. *Overseers of South Brunswick,* 3 *Zab.* 169, and must be quashed.